USCA1 Opinion

 

 September 22, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1250 MICHAEL J. KINGSLEY, Petitioner, v. UNITED STATES OF AMERICA, Respondent. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ___________________ Michael J. Kingsley on brief pro se. ___________________ A. John Pappalardo, United States Attorney, and Kevin ____________________ _____ O'Regan, Assistant United States Attorney, on brief for appellee. _______ __________________ __________________ -2- Per Curiam. Petitioner Michael Kingsley challenges the __________ legality of special parole terms imposed as part of his sentence for multiple drug violations. He argues that, because such sanctions were abolished between the time of his offenses and the time of his sentencing, the district court should have applied the law in effect on the latter date. We disagree and therefore affirm the denial of his motion to correct sentence under 28 U.S.C. 2255 and/or Fed. R. Crim. P. 35(a). From March 1977 to May 1985, petitioner was the leader of a twenty-three member organization engaged in distributing cocaine and marijuana in western Massachusetts. In January 1987, he pled guilty to 22 separate offenses as follows: one count of conspiracy to distribute cocaine, 21 U.S.C. 846, one count of conspiracy to distribute marijuana, id., ten ___ counts of cocaine distribution, 21 U.S.C. 841(a), three counts of marijuana distribution, id., one count of ___ conducting a continuing criminal enterprise, 21 U.S.C. 848, and six related tax offenses. Sentencing occurred on February 17, 1987. At the government's recommendation pursuant to a plea bargain, the district court imposed twelve ten-year prison terms (for the continuing criminal enterprise offense and each of the cocaine offenses) and ten five-year prison terms (for each of the marijuana and tax offenses)-- all to be served concurrently. The court also imposed three -3- years of special parole for each of the eleven cocaine offenses (the conspiracy count and ten substantive counts) and two years of special parole for each of the three substantive marijuana offenses. In October 1992, petitioner filed the instant motion seeking to vacate the special parole terms. From his reading of various amendments to 21 U.S.C. 841(b) that occurred in the mid-1980s, he argued that the statute in its 1987 configuration imposed no type of post-confinement monitoring for the offenses at issue here. He further contended that the district court was required to impose this allegedly more "lenient" penalty provision, rather than the one in effect at the time the offenses occurred. The district court properly rejected this analysis.1 Contrary to petitioner's view, the 1987 version of 841(b) actually contained more stringent penalties, including enhanced prison sentences and terms of supervised release. Applying that provision at sentencing thus would have violated the ex post facto clause. We ______________ explain briefly. The various modifications that 841(b) underwent between 1984 and 1987 have been exhaustively detailed elsewhere, see, e.g., Gozlon-Peretz v. United States, 498 ___ ____ _____________ _____________ ____________________ 1. The district court did modify one aspect of the judgment sua sponte. Pursuant to Bifulco v. United States, 447 U.S. __________ _______ ______________ 381 (1980), it vacated the special parole term imposed for the cocaine conspiracy count. -4- U.S. 395, 399-403 (1991); Padilla Palacios v. United States, ________________ _____________ 932 F.2d 31, 32-33 (1st Cir. 1991) (per curiam); United ______ States v. Ocasio Figueroa, 898 F.2d 825, 826-28 (1st Cir. ______ ________________ 1990), cert. denied, 113 S. Ct. 1001 (1993); United States v. ____________ _____________ Ferryman, 897 F.2d 584, 586-88 (1st Cir.), cert. denied, 498 ________ _____________ U.S. 830 (1990), and so need only be summarized here. Prior to October 12, 1984, 841(b) mandated a three-year term of special parole for cocaine offenses and a two-year term for marijuana offenses. Between that date and October 27, 1986, an anomalous situation existed. The statute imposed no special parole term for large-scale offenses (e.g., those ____ involving one kilogram or more of cocaine), but retained such sanctions for lesser offenses. Compare 21 U.S.C. _______ 841(b)(1)(A) (Supp. 1984) with id. 841(b)(1)(B)-(C); see, ____ ___ ___ e.g., United States v. Santamaria, 788 F.2d 824, 829 (1st ____ ______________ __________ Cir. 1986). Finally, it is now clear that the statute requires a term of supervised release for all offenses occurring on or after October 27, 1986 (not November 1, 1987, as petitioner suggests). See, e.g., Gozlon-Peretz, 498 U.S. ___ ____ _____________ at 409; United States v. Morris, 977 F.2d 677, 686 (1st Cir. _____________ ______ 1992), cert. denied, 113 S. Ct. 1588 (1993). Both the 1984 ____________ and 1986 amendments, of course, also enhanced the prison terms prescribed by 841(b). Defendant is therefore mistaken in maintaining that the statutory penalties existing prior to October 12, 1984 were -5- more stringent than those existing in 1987. Had he been sentenced under the latter, he would have been exposed to longer terms of imprisonment.2 And he would have been subject to periods of supervised release at least equal to, and (depending on the quantity of drugs involved) possibly longer than, the earlier special parole terms--a fact he overlooks entirely. It is thus clear that application of the 1987 penalties would have been impermissible. And, lastly, petitioner's contention that the circumstances here are so ambiguous as to warrant invoking the "rule of lenity" in his favor is well off the mark. See, e.g., Gozlon-Peretz, 498 ___ ____ _____________ U.S. at 409-10; Ferryman, 897 F.2d at 591.3 ________ ____________________ 2. Defendant suggests this would have posed no constitutional difficulties in light of the government's sentencing recommendations under the plea agreement. He ignores the fact that the district court was not required to accept those recommendations. 3. While we need not address the issue, we note that the second prong of petitioner's argument--that any reduction in criminal penalties must be applied retroactively, even absent any specific provision to that effect--appears equally problematic. See generally United States v. Jacobs, 919 F.2d _____________ _____________ ______ 10 (3d Cir. 1990) (applying "saving statute," 1 U.S.C. 109, to find change in drug offense classification, which occurred between time of offense and time of sentencing and which would have rendered defendant eligible for probation, inapplicable), cert. denied, 111 S. Ct. 1333 (1991); Lerner ____________ ______ v. Gill, 751 F.2d 450, 456 (1st Cir.) (rejecting argument ____ that "a state must retroactively afford a prisoner the benefits of any less stringent legislation adopted after the crime"), cert. denied, 472 U.S. 1010 (1985). See also United ____________ ________ ______ States v. Tarvers, 833 F.2d 1068, 1077 (1st Cir. 1987) ______ _______ (upholding special parole term imposed under pre-1984 version of 841(b), even though sentencing occurred in 1985). -6- The same reasoning applies to the two offenses here that occurred after October 12, 1984: count 14 (involving distribution of cocaine on October 29, 1984), and count 15 (involving possession of marijuana with intent to distribute on May 3, 1985). The penalty provisions applicable to these offenses, 21 U.S.C. 841(b)(1)(B)-(C) (Supp. 1984), were less stringent than those in effect in 1987. Moreover, the 1984 statute required special parole in both instances. Of course, had count 14 involved a kilogram or more of cocaine and thus fallen within the 1984 version of subsection (b)(1)(A) rather than (b)(1)(B), no special parole would have been warranted with respect thereto. Yet the district court specifically determined that this offense was governed by subsection (b)(1)(B) and petitioner has not challenged this finding on appeal. Affirmed. _________ -7-